**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE**

| | |
|---|---|
| WILLIAM ROBERT FAYANT AND JULIE LORRAINE FAYANT, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. BANK NATIONAL ASSOCIATION, WASHINGTON TRUST BANK AND CHERRY CREEK MORTGAGE, INC., <br><br> Defendants. | Case No. _____ <br><br> COMPLAINT |

## I. COMPLAINT

The Plaintiffs, William Robert Fayant and Julie Lorraine Fayant, bring this lawsuit against Defendants for damages and equitable relief.

## II. JURISDICTION

1. Plaintiffs, William Robert Fayant and Julie Lorraine Fayant, are residents of Spokane County, Washington and otherwise *sui juris*.

2. Defendants U.S. Bank National Association and Cherry Creek Mortgage are foreign corporations but authorized to do business in the State of Washington and are engaged in a substantial number of business transactions in Spokane County, Washington

and further have submitted themselves to the laws of this jurisdiction in filing multiple foreclosure actions in Spokane County, Washington. In the alternative, there is diversity of citizenship because the home office of the Defendants is in another state even though they have continued to conduct business in the State of Washington in large volume. Washington Trust Bank, as a Washington state bank, is subject to the laws of this jurisdiction.

3. The amount in controversy without interest and costs, exceeds the sum or value specified by 28 U.S.C § 1332.

4. This action involves the federal question in the application of rescission procedures as specified in the Federal Truth in Lending Act, 15 U.S.C. § 1635, et seq. (hereinafter referred to as TILA).

### III. FACTUAL ALLEGATIONS

1. On September 28, 2015, Plaintiffs sent a Notice of Rescission of a loan transaction, a copy of which is attached as Exhibit "A."

2. More than twenty days have expired since the receipt of said Notice of Rescission of the loan which was sent to Defendants via U.S. Postal Service Certified Mail Tracking No. 7015 0640 0007 1334 9208 (Washington Trust Bank), and delivered on September 29, 2015, and No. 7015 0640 0007 1334 9215 (Cherry Creek Mortgage) delivered on September 30, 2015 and No. 7015 0640 0004 9486 1913 (U.S. Bank) delivered on October 9, 2015 as depicted in the mailing confirmations attached as Exhibit "B."

3. More than twenty days have expired since the receipt of said Notice of Rescission.

4. As set forth in TILA, and the applicable extension as provided in Regulation Z, the loan contract was cancelled upon mailing of the Notice of Rescission.

5. The loan contract was cancelled by operation of law on the date of mailing shown on Exhibit "A."

6. The note was rendered "void" by operation of law on the date of mailing shown on Exhibit "A."

7. The mortgage was rendered "void" by operation of law on the date of mailing shown on Exhibit "A."

8. Upon information and belief, the subject loan was never consummated.

9. Under TILA, the Defendants U.S. Bank National Association, Washington Trust Bank and Cherry Creek Mortgage, Inc., if a creditor, is required to comply with the rescission within twenty days by performing three acts:

   a. Return of the cancelled note,

   b. Filing in the county records such instrument that would release any encumbrance or lien arising out of the cancelled loan contract, and

   c. Payment of all money received from the Plaintiffs, on behalf of the Plaintiffs, and all money paid for fees, commissions or other compensation in connection with the alleged origination of the loan contract.

10. The Defendants have failed and/or refused to perform it duties under TILA.

11. By operation of law, the rescission is effective as of the date and time of mailing and no lawsuit is required by Plaintiffs and no tender of any payment is required by Plaintiffs.

12. In addition to the notices sent on September 28, 2015, on January 21, 2016, Plaintiffs filed and had recorded with the Spokane County an Affidavit of Rescission, instrument # 6466789 of a loan transaction, a copy of which is attached as Exhibit "C."

## COUNT I – TEMPORARY AND PERMANENT INJUNCTION

13. Plaintiffs re-allege and re-aver the foregoing paragraphs as if specifically set forth herein.

14. This is a cause of action which seeks injunctive relief for preventing the Defendants from collecting forcing, reporting, or taking any affirmative action or seeking any relief with respect to the loan contract that is referenced in the subject Notice of Rescission (Exhibit A).

15. This property is unique in that it is a residential home that is owned by the Plaintiffs and who has made a substantial investment in the property and the property contains their personal items.

16. The subject mortgage loan secures and/or secured the acquisition of Plaintiffs' home, which is their principal dwelling.

17. Plaintiffs will be irreparably damaged by the Defendants in its continued pursuit of a wrongful foreclosure and are in direct violation of TILA.

18. If not enjoined, Defendants have made it clear that they are ignoring federal law and are attempting to unlawfully take this property from the Plaintiffs and casting doubt on the title that will only add to and create complexities in the title that were directly caused by the Defendants.

19. In order to seek legal redress, Plaintiffs have been obliged to seek the services of legal counsel and they have been obligated to pay reasonable attorney's fees expenses, and costs for which the Defendants should be responsible.

WHEREFORE, Plaintiffs pray this Honorable Court will enter an order enjoining Defendants from any use of any document, claim or instrument referenced as rescinded or cancelled in the subject Notice of Rescission, grant attorney's fees and costs, and grant such further relief as this Court may deem just and proper.

## COUNT II – MANDATORY INJUNCTION

20. Plaintiffs re-allege and re-aver the foregoing paragraphs as if specifically set forth herein.

21. Under TILA, Defendants U.S. Bank National Association, Washington Trust Bank and Cherry Creek Mortgage, Inc., if a creditor, is required to comply with the rescission within twenty days by performing three acts:

   a. Return of the cancelled note,

   b. Filing in the county records such instrument that would release any encumbrance or lien arising out of the cancelled loan contract, and

   c. Payment of all money received from the Plaintiffs, on behalf of the Plaintiffs, and all money paid for fees, commissions or other compensation in connection with the alleged origination of the loan contract.

22. Defendants U.S. Bank National Association, Washington Trust Bank and Cherry Creek Mortgage, Inc., failed and/or refused to perform their duties under TILA.

23. In fact, Defendants are continuing to process an alleged foreclosure based upon a mortgage which is now void.

24. In order to seek legal redress, Plaintiffs have been obliged to seek the services of legal counsel and they are obligated to pay reasonable attorney's fees, expenses and costs for which the Defendants should be liable.

WHEREFORE, Plaintiffs prays that this Honorable Court will enter an order requiring Defendants to return the cancelled original note to Plaintiffs, to file any documents required to release any claim of encumbrance or lien arising out of the loan contract referenced in the Notice of Rescission, and to order Defendants to pay Plaintiffs all money ever received from Plaintiffs, all money earned by all parties that were paid as a commission to any parties whether previously disclosed or not, all fees in interest thereon, and grant Plaintiffs attorney's fees, expenses and costs of this action and grant such other relief as the Court may deem just and proper including, but not limited to an accounting of all money paid or received as compensation arising out of the execution of instruments by Plaintiffs relating to the loan contract that was referenced in the subject Notice of Rescission.

Respectfully Submitted this ___29th___ day of April 2016.


NATURAL RESOURCE LAW GROUP PLLC


By_/s/*Jill J. Smith*_____
Jill J. Smith, WSBA #41162
5470 Shilshole Ave. NW Suite 520
Seattle, WA 98107
(206) 227-9800 phone
(206) 466-5645 fax
*Attorney for Plaintiffs William Robert Fayant and Julie Lorraine Fayant*